## In re W. B. TERRELL CO.

(District Court, W. D. South Carolina. September, 1917.)

BANKRUPTCY ⟨⟩482(1)—ATTORNEY'S FEES—ADDITIONAL COMPENSATION.

Additional compensation to attorneys for the trustee and petitioning creditors is allowed only in peculiar cases, where it is shown to the satisfaction of the court that the services rendered have been unusual and extraordinary, and the bankrupt estate has been materially increased through the diligent efforts of the attorneys in discovering assets, or where their duties have been onerous and burdensome, with litigation incident to the winding up of the bankrupt estate; and hence, where a bankrupt estate consisted entirely of a stock of goods, which was disposed of in bulk, and there was no litigation which placed additional burdens upon the attorneys, additional compensation should not be allowed.

In Bankruptcy. In the matter of the bankruptcy of the W. B. Terrell Company. On review of recommendation of referee for additional compensation to attorneys for trustee and petitioning creditors. Recommendation disapproved.

H. B. Carlisle, of Spartanburg, S. C., and John K. Hamblin, of Union, S. C., for trustee and petitioning creditors.

JOHNSON, District Judge. This matter comes before me upon the report of S. E. Barron, Esq., referee in bankruptcy in the above-entitled case. The referee recommends that the attorneys for the trustee and petitioning creditors be allowed additional fees of at least $100 each for their services in the case. The attorneys in question have already received the maximum fees for their services which under the rules of the court can be allowed by the referee in bankruptcy. They now seek additional compensation.

Additional compensation to attorneys for the trustee and petitioning creditors is allowed only in peculiar cases, where it is shown to the satisfaction of the court that the services rendered have been unusual and extraordinary, where the bankrupt estate has been materially increased through the diligent efforts of attorneys in discovering assets, or where the duties of the attorneys have been onerous and burdensome with litigation incident to the winding up of the bankrupt estate. In such cases the court has frequently thought it equitable to allow fees additional to those granted under the rule. Here, however, although urgently recommending the allowance of additional fees, the referee in bankruptcy has offered no testimony whatever that would take the case out of the ordinary run of bankruptcy cases to which the rule with regard to fees is applicable. The court has examined the books of the trustee in bankruptcy, and finds that the bankrupt estate consisted entirely of a stock of goods, which was disposed of in bulk. There has been no litigation which placed added labors upon the attorneys in question. They have already received from the trustee the maximum fees allowed under the rule for their services, which appear to the court to be entirely ample.

Wherefore it is ordered and adjudged that the recommendation of the referee in bankruptcy, S. E. Barron, in the matter of additional fees for attorneys for the trustee and petitioning creditors, be and the same is hereby disapproved.